FILED

2009 Feb-17  PM 02:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **THOMAS J. HANEY, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:08-CV-2393-VEH** |
| | ) | |
| **FLOYD HEALTHCARE** | ) | |
| **MANAGEMENT, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

## MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION

The court has before it Floyd Healthcare Management, Inc.'s ("Floyd") Motion to Dismiss for Lack of Personal Jurisdiction, Or, in the Alternative, to Dismiss or Transfer for Improper Venue (Doc. 5) (the "Motion") filed on January 9, 2009. Plaintiff Thomas J. Haney, Jr. ("Haney") filed his response (Doc. 8) on January 26, 2009.  Floyd filed its reply (Doc. 9) on January 30, 2009.

For the reasons explained below, the court concludes that Floyd's Motion is due to be denied without prejudice.

## II.  ANALYSIS

### A.  Floyd's Personal Jurisdiction Challenge

#### 1.  Personal Jurisdiction Generally

Haney has the burden of establishing that personal jurisdiction over Floyd

exists.  *See LaSalle Bank N.A. v. Mobile Hotel Properties, LLC*, 274 F. Supp. 2d

1293, 1296 (S.D. Ala. 2003).  In *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.

1990), the Eleventh Circuit described the framework for evaluating personal

jurisdiction challenges under Rule 12(b)(2) of the Federal Rules of Civil Procedure:

> When a district court does not conduct a discretionary evidentiary
> hearing on a motion to dismiss for lack of jurisdiction, the plaintiff must
> establish a *prima facie* case of personal jurisdiction over a nonresident
> defendant.  *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir.1988).  A
> *prima facie* case is established if the plaintiff presents enough evidence
> to withstand a motion for directed verdict.  *Id.*  The district court must
> accept the facts alleged in the complaint as true, to the extent they are
> uncontroverted by the defendant's affidavits.  *Id.*  Finally, where the
> plaintiff's complaint and the defendant's affidavits conflict, the district
> court must construe all reasonable inferences in favor of the plaintiff.
> *Id.*

> The determination of personal jurisdiction over a nonresident
> defendant requires a two-part analysis.  *Cable/Home Communication
> Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir.1990);
> *Alexander Proudfoot Co.*, 877 F.2d at 919.  First, we consider the
> jurisdictional question under the state long-arm statute.  *Cable/Home
> Communication Corp.*, 902 F.2d at 855; *Alexander Proudfoot Co.*, 877
> F.2d at 919.  If there is a basis for the assertion of personal jurisdiction
> under the state statute, we next determine whether sufficient minimum
> contacts exist to satisfy the Due Process Clause of the Fourteenth

> Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

*Id.* (citations omitted).

The Eleventh Circuit has also described the respective burdens applicable to personal jurisdiction as:

> First, the plaintiff must allege sufficient facts in his complaint to initially support long-arm jurisdiction before the burden shifts to the defendant to make a *prima facie* showing of the inapplicability of the statute. If the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint.

*Polski Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986) (citations omitted).

Because Alabama's long-arm provision "authorizes the assertion of personal jurisdiction to the limits of the United States Constitution," Haney may carry his burden "by demonstrating that personal jurisdiction over the Defendant meets the requirements of federal due process.  Due process requires that the Defendant have 'certain minimum contacts' with the forum state and, second that the exercise of jurisdiction over the Defendant does not offend 'traditional notions of fair play and substantial justice.'"  *LaSalle Bank*, 274 F. Supp. 2d at 1297; *see also Consolidated Development Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000).

3

A plaintiff can either establish general or specific jurisdiction over the defendant to show personal jurisdiction exists.  *See, e.g., International Shoe Co. v. Washington*, 326 U.S. 310 (1945) (detailing contours of appropriate and inappropriate exercise of personal jurisdiction); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn.8-9 (1984) (acknowledging distinction made between exercise of "specific" and "general" jurisdiction); *Ex parte Lagrone*, 839 So. 2d 620, 627 (Ala. 2002) ("A nonresident defendant may be subjected to Alabama's *general in personam* jurisdiction if its contacts with this State, <u>although unrelated to the cause of action</u>, are 'continuous and systematic.'") (citing *Helicopteros* and other cases) (emphasis by underlining added).  To establish general jurisdiction over a defendant, a plaintiff must demonstrate that the defendant's connection with the forum state is "continuous and systematic."  *LaSalle Bank*, 274 F. Supp. 2d at 1297; *see also Sherritt*, 216 F.3d at 1292.

To constitute minimum contacts for the purposes of specific jurisdiction:

[A] defendant's contacts with the applicable forum must satisfy three criteria:  first, the contacts must be related to the plaintiff's cause of action or have given rise to it; second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws; and third, the contacts must be such that the defendant should reasonably anticipate being haled into court in the forum.

4

*LaSalle Bank*, 274 F. Supp. 2d at 1297; *see also Sherritt*, 216 F.3d at 1291.

      **2.**      **Because Floyd undisputedly operates a primary care facility in Centre, Alabama, the exercise of general jurisdiction over Floyd may be proper; however, the parties have failed to adequately address this issue.**

The court has determined that the critical jurisdictional inquiry relating to the Motion is whether the exercise of general jurisdiction over Floyd is proper. Unfortunately, neither side has really focused upon an evaluation of continuous and systematic contacts criteria, instead citing primarily only to decisions addressing specific jurisdiction.[1]

For example without citing any legal authority (controlling or otherwise), Floyd in a blanket fashion states that "it cannot reasonably be asserted that Floyd Medical Center's maintenance of a primary care facility in a city and area of the State of Alabama wholly removed from the location where the care complained of by Plaintiff was provided, would subject Floyd to the likelihood of litigation in this forum [about] care rendered in Georgia." (Doc. 5 at 6). Such a sweeping statement, without more, fails to even acknowledge the concept of general jurisdiction, *see, e.g., Ex parte*

---

[1] The nature of the court's ruling does not require it to address whether Haney has established specific jurisdiction over Floyd, but notes that it would be difficult to find, given the unrelated nature of the Floyd primary care center located in Centre, Alabama to Haney's alleged injuries, which stem from the medical treatment that he received at the Floyd medical facility located in Georgia.

*Lagrone*, 839 So. 2d at 628 ("Because we hold that an Alabama court can, consistent with due process, assert general *in personam* jurisdiction over Fisher Products [which lacked <u>any</u> physical presence within Alabama], it is inconsequential that the jack made the basis of this action was not included in the 17 shipments made by Fisher Products directly to Alabama over a period of three years."), and regardless is insufficient to carry Floyd's burden to adequately develop its legal arguments in support of a jurisdictional dismissal. *See, e.g., Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.") (citation omitted)). "[T]he onus is upon the parties to formulate arguments[.]" *Dunmar*, 43 F.3d at 599 (citation omitted).

In reaching its decision on the issue of personal jurisdiction in this case, the court is guided in part by the Eleventh Circuit's discussion in *Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738 (11th Cir. 2002):

> Personal jurisdiction may be general, which arise from the party's contacts with the forum state that are unrelated to the claim, or specific, which arise from the party's contacts with the forum state that are related to the claim. *Madara v. Hall*, 916 F.2d 1510, 1516 n. 7 (11th Cir.1990); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n.9, 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404 (1984) (a state exercises general jurisdiction when the defendant's contacts with the forum do not arise from or are not related to the cause of action). "The due process requirements for general personal jurisdiction are

more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state." *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000). The "nonresident corporation's contacts with the forum that are unrelated to the litigation must be substantial" to warrant the exercise of general jurisdiction. *Id.*

General jurisdiction may not be exercised unless the contacts are "continuous and system[at]ic." *Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 786 F.2d 1055, 1057 (11th Cir. 1986). <u>Although a single business transaction in the forum state by a foreign corporation whose officers resided in the same foreign state, the corporation was not licensed to do business in the forum state, and the corporation did not maintain an office or employees, solicit business, provide services or close sales, sell or purchase products, or carry on any other activity in the forum state does not satisfy the "continuous and system[at]ic" rule</u>, *id.*, "[a] single event may be a sufficient basis if its effects within the forum are substantial enough. . . ." *Shellenberger*, 227 S.E. 2d at 272; *see also Georgia R.R. Bank & Trust Co. v. Barton*, 169 Ga. App. 821, 315 S.E.2d 17, 20 (Ga. Ct. App. 1984) (finding the effect of a $125,000 default "substantial" enough "to establish legally sufficient contacts.") However, <u>the indirect ownership of property, sporadic concert performances, and the sale of performance recordings are insufficient contacts for the exercise of general jurisdiction</u>. *Madara*, 916 F.2d at 1516 n.7.

*Nippon*, 291 F.3d at 747 (emphasis added).[2]

---

[2] The court is aware that the decision of *Shellenberger v. Tanner*, 227 S.E. 2d 266 (Ga. 1976), cited by the Eleventh Circuit in *Nippon*, has been abrogated on other grounds as recognized by *Innovative Clinical & Consulting Services, LLC v. First National Bank of Ames, Iowa*, 620 S.E.2d 352, 673-74 (Ga. 2005) ("In *Gust* the Court rejected these cases [including *Shellenberger*] and returned to a 'literal construction' of OCGA § 9-10-91, *Gust*, *supra*, 257 Ga. at 130, 356 S.E. 2d 513, thus holding that a nonresident 'must do certain acts' as delineated by the statute before the nonresident could be subjected to personal jurisdiction in Georgia. *Id.*").

Here the initial declaration of Jackie Newby ("Newby Declr.") offered in support of the Motion states that "Floyd maintains a primary care facility in Centre, Alabama." However the declaration is silent as to several other relevant areas, *i.e.*, does Floyd have any agents or employees working in Alabama?; does Floyd maintain a business license for its facility in Alabama?; is Floyd qualified with the Secretary of State to do business in Alabama?; does Floyd maintain any bank accounts in Alabama?; does Floyd derive income from the medical services provided at the facility located in Alabama?; does Floyd file tax returns and pay taxes in the State of Alabama?; does Floyd lease the building where it operates the Alabama primary care facility; etc.[3] The second declaration of Ms. Newby, attached to Floyd's reply, similarly fails to provide any insight as to these important considerations relating to the establishment *vel non* of general *in personam* jurisdiction.

Without this type of pertinent information, the court is ill-equipped to make a determination as to whether Floyd's contacts with the state of Alabama stemming from its admitted operation of a medical center within the jurisdiction are significant enough to constitute doing business under Alabama law or are sufficiently continuous and systematic in nature to satisfy due process requirements. Moreover, the court

---

[3] The Newby Declr. indicates that Floyd does not own any property in Alabama, but does not explain its commercial occupation of the medical care facility that it runs in Centre, Alabama. (Doc. 5 at Ex. A ¶ 6.)

declines to speculate as to the possible answers to these questions.

**B.     Floyd's Venue Challenge**

Regarding venue for diversity cases, 28 U.S.C. § 1391 states in relevant part:

> **(a)** A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. . . .

> **(c)** For purposes of venue under this chapter, <u>a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced</u>.

28 U.S.C. § 1391 (emphasis by underlining added).

Therefore, because the venue statute expressly provides that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal[ ]jurisdiction at the time the action is commenced[,]" the court similarly cannot effectively reach the alternative relief sought by Floyd due to the undeveloped status of the record as to the parameters of Floyd's business presence within Alabama. In other words, if the exercise of personal jurisdiction over Floyd is appropriate in the Northern District based on specific acts of Floyd or a general presence of Floyd in the

9

Northern District[4], then Floyd is deemed to reside here for venue purposes as well.

## III.   CONCLUSION

Accordingly, Floyd's Motion is **DENIED WITHOUT PREJUDICE**.[5, 6]

**DONE** and **ORDERED** this 17th day of February, 2009.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

_____

[4] The court notes that Centre, Alabama is in the Northern District of Alabama.

[5] As stated by the Supreme Court of Alabama in *Ex parte Reindel*, 963 So. 2d 614 (Ala. 2007), regarding an order denying a motion to dismiss for lack of *in personam* jurisdiction:

> In that connection, it must be remembered that "[a] denial of a ... motion to dismiss for want of personal jurisdiction is interlocutory and preliminary only." *Ex parte McInnis*, 820 So. 2d at 798.  "After such a denial, the continuation of personal jurisdiction over a defendant who appropriately persists in challenging it in [an] answer to the complaint and by motion for summary judgment or at trial depends on the introduction of substantial evidence to prove the . . . jurisdictional allegations in the . . . complaint."  *Id.*

963 So. 2d at 624.

[6] The court's ruling also extinguishes any claim that Haney was not "'afforded a full and fair opportunity to be heard'" due to an "electronic glitch" that prevented his counsel from receiving timely notice of the Motion.  (Doc. 8 at 2-3; Doc. 8 at Fields Aff. ¶ 6).