FILED
2009 Apr-16  PM 04:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **THOMAS J. HANEY, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.: 4:08-CV-2393-VEH** |
| | ) |
| **FLOYD HEALTHCARE** | ) |
| **MANAGEMENT, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

The court has before it Floyd Healthcare Management, Inc.'s ("Floyd") Renewed Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 16) (the "Renewed Motion") filed on February 27, 2009.[1]  Plaintiff Thomas J. Haney, Jr. ("Haney") filed his responses (Docs. 17, 18) on March 9, 2009.  Floyd filed no reply.

For the reasons explained below, the court concludes that Floyd's Renewed Motion is due to be denied.

---

[1] On February 17, 2009, the court denied without prejudice (Doc. 11) Floyd's original Motion to Dismiss for Lack of Personal Jurisdiction, Or, in the Alternative, to Dismiss or Transfer for Improper Venue (Doc. 5) filed on January 9, 2009.

**II.    ANALYSIS**[2]

In this court's prior decision denying Floyd's personal jurisdiction motion without prejudice, it summarized the critical jurisdictional inquiry as follows:

> **2.    Because Floyd undisputedly operates a primary care facility in Centre, Alabama, the exercise of general jurisdiction over Floyd may be proper; however, the parties have failed to adequately address this issue.**

(Doc. 11 at 5).

Here, in filing its Renewed Motion, Floyd attaches the declaration of Al Davis (the "Davis Decl."). (Doc. 16 at Ex. A). In the Davis Decl., Floyd confirms, among other items, that it (1) "has one physician and four other employees working for its facility in Centre, Alabama;" (2) "has a business license for its facility in Centre, Alabama, both with the town of Centre and with Cherokee County, Alabama;" and (3) "is registered with the Alabama Secretary of State[.]" (Doc. 16 at 3; *see also id.* at Ex. A ¶¶ 3-5).

Floyd also "acknowledges that Alabama state court case law has typically held that if a defendant has agents or employee present in the forum, [then] it is subject to general jurisdiction there." (Doc. 16 at 9 (citing *Leithead v. Banyan Corp.*, 926 So.

---

[2] The court assumes the reader's familiarity with the standards governing personal jurisdiction as set forth in Doc. 11 and therefore does not repeat them here.

2d 1025, 1031 (Ala. 2005)). However Floyd urges the court to ignore this line of Alabama authority and instead find that "the exercise of [general] jurisdiction over [it] would be unreasonable and unfair" given the nature of its contacts with the forum. (Doc. 16 at 9). Further, Floyd suggests this proposition without citing to a single case that would support such a legal aberration.

In any event, the court concludes that the undisputed jurisdictional evidence contained in the record <u>more than adequately establishes</u> Floyd's continuous and systematic contacts with the State of Alabama such that this court's exercise of general *in personam* jurisdiction over the defendant is reasonable, fair, and otherwise comports with all federal due process requirements, including specifically fair play and substantial justice. *See, e.g., Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D. Ala. 1994) ("Based upon the Alabama Supreme Court's interpretation of Alabama's qualification statute in *Ex parte Nissei Sangyo America, Ltd.*, 577 So. 2d at 914, and the Supreme Court's discussion of similar statutes in *Perkins*, 342 U.S. at 444-45, 72 S. Ct. at 417-18, <u>this court holds that Foster-Wheeler's qualification to transact business in Alabama, coupled by the fact that it continued to conduct business in the forum State until November of 1993</u>, allows this court to exercise [general] in personam jurisdiction over the Defendant.") (emphasis added).

As the *Johnston* court further explained its general jurisdictional reasoning:

> The mere fact that it did not actually conduct business here between November, 1993, and the time this suit was filed makes no difference. Since it did not terminate its qualification and its appointment of an agent for service of process, it presumably intended to be available for work in Alabama. This court finds that Defendant has continuous and systematic contacts with the State of Alabama; thus, this court's exercise of in personam jurisdiction over Foster-Wheeler comports with traditional notions of fair play and substantial justice, and does not violate due process.

*Id.* (emphasis added) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437 (1952)). In this instance, Floyd's presence within this state is beyond a mere presumption of an "inten[tion] to be available for work in Alabama[,]" it actually is available. Therefore, as *Johnston* holds that the exercise of general *in personam* jurisdiction over a company still qualified but no longer doing business in the state is constitutionally permissible, then such exercise over a company qualified and currently doing business, such as Floyd, is, *a fortiori*, proper.

### III.  CONCLUSION

Accordingly, Floyd's Renewed Motion is **DENIED**.

**DONE** and **ORDERED** this 16th day of April, 2009.

                                                                       _/s/ Virginia Emerson Hopkins_
                                                                       **VIRGINIA EMERSON HOPKINS**
                                                                       United States District Judge